## MAY *v.* JOHNSON

No. 40842          June 9, 1958          103 So. 2d 435

*Laub, Adams, Forman & Truly,* Natchez, for appellant.

*Brandon, Brandon, Hornsby & Handy, Wm. F. Riley,* Natchez, for appellee.

McGehee, C. J.

This suit was filed in the Circuit Court of Adams County, Mississippi, by the appellant Percy May against the appellee M. C. Johnson, on account of an injury which he sustained on August 1, 1950, as an employee of the appellee, who was a subcontractor, doing welding work for The California Company. The theory of the plaintiff's declaration is that he was a third party beneficiary of a written contract made between the appellee and the California Company on October 24, 1947, wherein the appellee agreed ''to obtain and maintain in effect workmen's compensation insurance as prescribed or permitted by law, or adequate employers' liability insurance.'' The appellee Johnson had less than eight employees but he would have been permitted to have taken workmen's compensation insurance for the benefit of his employees after the time of the passing of the Workmen's Compensation Act in this State in 1948, prior to the injury complained of by the plaintiff on August 1, 1950. This State did not have a Workmen's Compensation Law on October 24, 1947, when the written contract was entered into by the appellee with The California Company, but it is the contention of the plaintiff that it was the duty of his employer M. C. Johnson, under his contract with The California Com-

pany, to have obtained workmen's compensation insurance for the benefit of his employees when the Workmen's Compensation Law of 1948 went into effect. We do not reach the question as to whether or not the appellant had the right to maintain this suit without being a party to the contract between the appellee and The California Company.

The defendant M. C. Johnson filed a plea in bar of the suit on the ground that the plaintiff had executed a good and valid release in appellee's favor which was broad enough in its terms to cover his claim for the injury herein sued for. The trial court heard the testimony on the plea in vacation and overruled the same, but after all of the proof was heard upon the trial of the case on the merits, the circuit judge granted a peremptory instruction in favor of the appellee. It is from that action of the court that this appeal is taken.

The appellant was injured in the course of his employment while at work for the appellee who was doing some welding work for The California Company on the said First day of August 1950, but on November 17, 1952, he had a claim against the appellee for back wages, etc., and the claim was handled by the appellant's attorney, Carl Chadwick, who was able to negotiate a settlement with the appellee on behalf of the appellant for the sum of $475. The check in settlement of this claim was payable to the order of the appellant and Carl Chadwick, attorney. In the margin of the face of the check there was typewritten the following words: "Payment in full to payees for any and all claims by payees against M. C. Johnson while P. A. May was employed by M. C. Johnson prior to the date of this check." On the reverse side thereof, above the endorsement of the payees, were the following words: "Enforcement signifies receipt in full by payees for any & all claims by payees against M. C. Johnson while P. A. May was employed by M. C. Johnson prior to the date of this check."

The appellant testified that he read these typewritten words on the check before he endorsed the same and discussed the matter with his attorney. He testified that his attorney told him that the check could not settle his claim against the payor, M. C. Johnson, for the injury sued for in this case but would only cover his claim for back wages, etc. However, his attorney testified that he explained to the appellant that the check would settle any claim that he had against M. C. Johnson up to that date, and the proof on behalf of the appellee shows that it was made known to the appellant that the check was being given also with the understanding that he was to stay off of the premises of Johnson thereafter.

At any rate, there is no contention that anyone representing the payor, M. C. Johnson, misled the appellant in any way with reference to the force and effect of the check in question.

██ ██ We are therefore of the opinion that the objection to the evidence offered by the plaintiff in an attempt to show that he understood from his own attorney that the check was in settlement of only his claim for back wages, etc. should have been sustained ██ ██ and that the plea in bar to the suit should likewise have been sustained, since the check shows on its face that it was given in full accord and satisfaction of ''all claims'' of the plaintiff against M. C. Johnson while the plaintiff was employed by Johnson prior to the date of the said check.

██ ██ While the trial court overruled the plea in bar, this error was later corrected by the granting of the peremptory instruction in favor of the defendant Johnson at the conclusion of all of the evidence. Fornea v. Goodyear Yellow Pine Co., et al., 181 Miss. 50, 178 So. 914.

The judgment of the trial court must therefore be affirmed.

Affirmed.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.